FLANN LIPPINCOTT
107 Van Lieus Road
Ringoes, New Jersey 08551
908-237-0800
Defendant Pro Se

2013 SEP 18  AM 10 51      AM 10 51

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MALIBU MEDIA, LLC,

        Plaintiff

   vs.

FLANN LIPPINCOTT,

       Defendant.

Civil Action No. 3:13-cv-02043-FLW-TJB

__ANSWER AND AFFIRMATIVE DEFENSES__

      FLANN LIPPINCOTT, as and for her Answer to the Amended Complaint of MALIBU MEDIA, LLC, alleges as follows:

### I. ADMISSIONS AND DENIALS

    1.    Defendant denies that Plaintiff's action falls within the parameters of the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. Defendant otherwise denies the allegations contained in paragraph 1 of the Amended Complaint because they are assertions of law and not of fact.

    2.    Defendant denies the allegations contained in paragraph 2 of the Amended Complaint.

    3.    Defendant lacks sufficient knowledge or information to

determine the truth or falsity of the allegations contained in paragraph 3 of the Amended Complaint, except to state that Defendant disputes the validity of Plaintiff's alleged copyrights as a matter of law.

4.    Defendant denies that this Court has subject matter jurisdiction over this action. Defendant otherwise denies the allegations contained in paragraph 4 of the Amended Complaint because they are assertions of law and not of fact.

5.    Defendant denies the allegations contained in paragraph 5 of the Amended Complaint.

6.    Defendant denies the allegations contained in paragraph 6 of the Amended Complaint, except to state that she resides within the Federal District of New Jersey.

7.    Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in paragraph 7 of the Amended Complaint.

8.    Defendant admits the allegations contained in paragraph 8 of the Amended Complaint.

9.    Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in paragraph 9 of the Amended Complaint.

10.    Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in paragraph 10 of the Amended Complaint.

11.    Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in paragraph 11 of the Amended Complaint.

12.    Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in paragraph 12 of the Amended Complaint, except to deny the allegation and false implication that Defendant is an "infringer."

13.   Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in paragraph 13 of the Amended Complaint.

14.   Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in paragraph 14 of the Amended Complaint.

15.   Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in paragraph 15 of the Amended Complaint, except to deny the allegation and false implication that Defendant is an "infringer."

16.   Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in paragraph 16 of the Amended Complaint.

17.   Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in paragraph 17 of the Amended Complaint, except to deny that Defendant has or ever had possession, custody or control of any "digital movie files" identified in Exhibit A to the Amended Complaint.

18.   Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in paragraph 18 of the Amended Complaint, except to state that Defendant disputes the validity of Plaintiff's alleged copyrights as a matter of law.

19.   Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in paragraph 19 of the Amended Complaint, except to deny that Defendant has or ever had possession, custody or control of any "digital movie files" identified in Exhibit A to the Amended Complaint and to state that Defendant disputes the validity of Plaintiff's alleged copyrights as a matter of law.

20.   Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in paragraph 20 of the

Amended Complaint.

21.     Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in paragraph 21 of the Amended Complaint, except to state that Defendant disputes the validity of Plaintiff's alleged copyrights as a matter of law.

22.     Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in paragraph 22 of the Amended Complaint, except to deny that Defendant "distributed" any "digital media files."

23.     Defendant denies the allegations contained in paragraph 23 of the Amended Complaint.

24.     Defendant denies the allegations contained in paragraph 24 of the Amended Complaint.

25.     Defendant denies the allegations contained in paragraph 25 of the Amended Complaint.

26.     Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in paragraph 26 of the Amended Complaint.

27.     Defendant repeats and re-asserts her responses to paragraphs 1 through 26.

28.     Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in paragraph 28 of the Amended Complaint, except to state that Defendant disputes the validity of Plaintiff's alleged copyrights as a matter of law.

29.     Defendant denies the allegations contained in paragraph 29 of the Amended Complaint.

30.     Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in paragraph 30 of the Amended Complaint, except to state that Defendant disputes the validity of Plaintiff's alleged copyrights as a matter of law.

31.    Defendant denies the allegations contained in paragraph 31 of the Amended Complaint.

32.    Defendant denies the allegations contained in paragraph 32 of the Amended Complaint.

## II. AFFIRMATIVE DEFENSES

Defendant asserts the following defenses without undertaking or otherwise shifting any applicable burden of proof.  As permitted under Fed. R. Civ. P. 11, Defendant reserves the right to supplement or amend her Answer and her Affirmative Defenses as warranted by facts revealed through investigation and discovery.  Defendant also reserves the right to assert such Counterclaims as might be warranted by facts revealed through investigation and discovery.

### FIRST AFFIRMATIVE DEFENSE
### (No Infringement)

Defendant has not engaged in any infringement of the copyrights alleged.

### SECOND AFFIRMATIVE DEFENSE
### (Misuse of Copyright)

Plaintiff's claim is barred by the doctrine of misuse of copyright.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity or Unenforceability of Copyright)

Plaintiff's claim is barred to the extent it claims copyright in intellectual property that is immoral, illegal, or libelous.

## FOURTH AFFIRMATIVE DEFENSE
### (Innocent Intent)

To the extent that Defendant is found to have engaged in any infringement of the copyrights alleged, Defendant was not aware and had no reason to believe that any of her acts constituted an infringement of copyright.

## FIFTH AFFIRMATIVE DEFENSE
### (No Willful Infringement)

To the extent that Defendant is found to have engaged in any infringement of the copyrights alleged, any infringement by Defendant was innocent and not willful.

## SIXTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff's claim is barred by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE
### (Estoppel and Judicial Estoppel)

Plaintiff's claim is barred, or recovery reduced, by the doctrines of estoppels and judicial estoppels.

## EIGHTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff's claim is barred, or recovery reduced, by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff's claim is barred, or recovery reduced, by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE
### (Lack of Volitional Act)

Plaintiff's claim is barred because the alleged infringement was not caused by a volitional act attributable to Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

To the extent that Plaintiff suffered any damages attributable to Defendant, which Defendant expressly denies, Plaintiff has failed to take the steps necessary to mitigate the damages sustained.

## TWELFTH AFFIRMATIVE DEFENSE
### (Injunctive Relief Not Warranted)

Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Intervening Causes)

Without admitting that Plaintiff has sustained any injury or damages and without admitting any liability whatsoever, Defendant alleges that the injuries complained of and the damages sought by Plaintiff in the Amended Complaint was the direct and proximate result of certain independent actions of third parties over whom Defendant has no control.  Therefore, Defendant is not liable for any of the damage that may have resulted therefrom.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Statutory Damages are Unconstitutionally Excessive)

The statutory damages sought by Plaintiff are unconstitutionally excessive, as applied.

## FIFTEETH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted against Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's claims are barred by applicable statutes of limitation.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Failure to Register)

Plaintiff's claims are barred due to lack of subject matter jurisdiction because Plaintiff lacks valid copyright registrations for the intellectual property rights asserted or has not properly or timely registered its intellectual property.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Originality)

Plaintiff's intellectual property lacks originality and is not protectable by copyright.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Fair Use)

Plaintiff's claims are barred by the doctrine of fair use.

## TWENTIETH AFFIRMATIVE DEFENSE
### (License, Consent, Acquiescence)

Plaintiff's claims are barred by Plaintiff's license, consent, and acquiescence to Defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Authorized Use)

Plaintiff authorized, impliedly or explicitly, Defendant's alleged use of its alleged intellectual property, and Plaintiff's claims are barred by the doctrine of implied license.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Forfeiture and Abandonment)

Plaintiff's claims are barred to the extent it has forfeited or abandoned its intellectual property.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Scènes à faire)

Plaintiff's intellectual property is not subject to copyright under the doctrine of scènes à faire.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Statutory Damages)

Plaintiff's claim for statutory damages under 17 U.S.C. § 504-(a) and (c) is barred because Plaintiff's copyright registrations were not made within three months after the first publication of the allegedly infringing intellectual property, as required by 17 U.S.C. § 412.

9

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Injunctive Relief)

Plaintiff is not entitled to injunctive relief because any alleged injury to plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (De Minimis Use)

Plaintiff's claims are barred by the doctrine of <u>de minimis</u> use.

WHEREFORE, Defendant respectfully requests that this Court:

(A)  Find judgment for Defendant;

(B)  Deny Plaintiff's request for injunctive relief;

(C)  Deny Plaintiff's request for statutory damages;

(D)  Deny Plaintiff's request for attorney's fees;

(E)  Find that Defendant is the "prevailing party" under Section 505 of the United States Copyright Act of 1976, as amended;

(F)  Dismiss the Amended Complaint at once, with prejudice;

(G)  Award Defendant her reasonable fees and costs of suit; and

(H)  Grant Defendant such other and further relief as this Court may deem equitable and just.

Dated: September 14, 2013.

Respectfully submitted,

FLANN LIPPINCOTT
107 Van Lieus Road
Ringoes, New Jersey 08551
908-237-0800
Defendant Pro Se

10

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _14_ day of September, 2013, a true and correct copy of the foregoing was served upon Plaintiff's counsel via first class mail at the United States Post Office, Ringoes, New Jersey 08551 at the following address:

Patrick J. Cerillo, Esq.
Patrick J. Cerillo, LLC
4 Walter Foran Blvd., Suite 402
Flemington, New Jersey 08822


FLANN LIPPINCOTT

11

FLANN LIPPINCOTT
107 VAN LIEUS ROAD
RINGOES, NEW JERSEY 08551
—
TELEPHONE (908) 237-0800
FACSIMILE (909) 237-0401

September 13, 2013

Office of the Clerk
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

        Re:   Malibu Media v. Lippincott
              Civil Action No. 3:13-cv-02043-FLW-TJB

Dear Sir/Madam:

        Kindly accept for filing the original and two copies of my pro se Answer and Affirmative Defenses in this matter.  Please return a file-stamped copy to me in the envelope provided.

        Thank you.

                    Respectfully,

                    Flann Lippincott

cc:  Patrick J. Cerillo, Esq.